UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                                          Plaintiff

v.                                                                                      Criminal Action No. 3:20-cr-70-RGJ

JEFFREY OWEN                                                                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Jeffrey Owen moves for release pending sentencing under 18 U.S.C. § 3143(a)(1), § 3145(c), and Fed. R. Crim. P. 46. [DE 165]. The United States responded. [DE 168]. This matter is ripe. Having considered the parties' filings and the applicable law, the Court **DENIES** Owen's motion. [DE 165].

### I.     BACKGROUND

On March 12, 2024, a jury convicted Jeffrey Owen ("Owen") on two counts of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, two counts of bank fraud, in violation of 18 U.S.C. § 1344, two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of under 18 U.S.C. §1956(a)(1)(B)(i). [DE 154, Jury Verdict]. At the close of trial, on the United States' oral motion and after both parties had an opportunity to present arguments, the Court found that Owen posed a danger to the community and ordered him detained pending sentencing under 18 U.S.C. § 3143. Owen filed this motion for release on April 18, 2024. [DE 165].

### II.     DISCUSSION

Under 18 U.S.C. § 3143(a)(1), a defendant found guilty of an offense, and for whom the applicable guideline recommends a term of imprisonment, faces a presumption of detention. This

1

presumption may be overcome if the defendant establishes, by clear and convincing evidence, that they are "not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

Danger to the community can encompass pecuniary or economic harm. *See United States v. Vance*, No. CR 5:20-063-DCR, 2023 WL 116331 (E.D. Ky. Jan. 5, 2023) (citing *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (recognizing that a defendant convicted of financial crimes posed a danger to community, as "danger may, at least in some cases, encompass pecuniary or economic harm")). The Court ruled at the close of trial that Owen posed a danger to the community due to his repetitive criminal activity and demonstrated untruthfulness throughout the investigation and trial.[1] In his motion, Owen "asserts that there is clear and convincing evidence that he will not pose a risk of danger or of flight" but fails to point to any new evidence to support his argument. [DE 165 at 1742]. Instead, Owen emphasizes his desire to participate in his ongoing civil litigation and his family members' inability to locate important documents in his absence. [*Id*. at 1743]. He also claims he needs to address business obligations and "assist his family with current obligations (including tax-filing)" and home repairs. [*Id*. at 1742].

None of these arguments serve to establish that Owen does not pose a danger to the community. Further, the Court notes that many of the "business obligations" Owen cites as support for his release are closely related, if not intertwined with, those underlying his criminal convictions. Thus, Owen's release poses a particular risk of additional crimes. This is underscored

---

[1] During trial, Owen confessed to lying to Court Security Officers about being an attorney to expedite the courthouse security screening process. [DE 163 at 1729]. The Court found this was particularly strong evidence of Owen's inability to be supervised on release.

by the fact that the conduct underlying Owen's convictions took place, at least in part, while he was under indictment in other cases.

The United States, in response to Owen's motion, provides additional reason to believe Owen poses a risk to the community. The FDIC investigator testified, via affidavit, that on recorded jail phone calls, Owen has "instructed his son to intercept and negotiate a check that is being mailed to the defendant's wife, without the defendant's wife's knowledge," and instructed "his wife to lie to an attorney representing their homeowner's association related regarding litigation over debts owed by the defendant and his wife." [DE 168 at 1816–17].

The United States also argues that Owen poses a risk of flight because of his age, the length of sentence he faces, the fact that he has been charged in another federal indictment, and that he "is the subject of a third federal investigation." [*Id*. at 1817]. Owen does not address these concerns, and instead suggests that a condition of home incarceration may "allay any concerns about risk of flight." [DE 165 at 1743]. As it noted at the close of trial, the Court agrees that Owen poses some risk of flight, but that the danger posed to the community is more severe and necessitates detention.

Finally, Owen argues that "exceptional reasons" warrant his release under 18 U.S.C. § 3145(c). "A defendant subject to detention under § 3143(a)(2) may be released if it is 'clearly shown,' among other things, that there are 'exceptional reasons' why his detention is inappropriate." *United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010) (quoting § 3145(c)). By its plain text, this exception applies to defendants subject to detention under § 3143(a)(2), not § 3143(a)(1). Owen was subject to detention under § 3143(a)(1), not having "been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." 18 U.S.C. § 3143(a)(2). Thus, neither the higher burden set forth § 3143(a)(2), nor the

3

§ 3145(c) exception is applicable to Owen. *See United States v. Sanders*, 466 F. Supp. 3d 779, 783–84 (E.D. Mich. 2020) (holding § 3145(c) does not apply to defendants detained under § 3143(a)(1)).

Even if § 3145(c) applied, Owen has failed to establish any exceptional circumstances warranting release. Courts generally agree that the term "exceptional reasons" is limited to those situations which are "out of the ordinary," "uncommon," or "rare." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary")). "Additionally, the cases establish that mere personal reasons, including caring for a family or gainful employment are not 'exceptional.'" *Miller*, 568 F. Supp. 2d at 774; *see also United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010); *United States v. Bush*, No. 3:12-CR-140, 2013 WL 3884505, *3 (E.D. Tenn. July 26, 2013). None of the circumstances which Owen cites rise to this level.

### III. CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT ORDERS** that Owen's motion for release pending sentencing [DE 165] is **DENIED**.

May 21, 2024

Rebecca Grady Jennings, District Judge
United States District Court